### PARKS *v.* HALLETT & DAVIS PIANO COMPANY.

The court did not err in directing the verdict, and in refusing a new trial.
AUGUST 19, 1916.

Trover. Before Judge Bell. Fulton superior court. June 28, 1915.

*J. F. Golightly* and *C. B. Rosser Jr.,* for plaintiff in error.
*Bryan, Jordan & Middlebrooks,* contra.

FISH, C. J.  This is trover and bail brought by the Hallett & Davis Piano Company against W. V. Parks, for a certain piano. The petition alleges, that defendant is in possession of the instrument "to which petitioner claims title;" that defendant "refused to deliver the above-described property to your petitioner or to pay him the value thereof." Defendant gave the statutory bond required in the bail proceeding. In his answer to the trover suit de-

fendant denies that he is in possession of the piano to which plaintiff claims title, but admits that he purchased from plaintiff the piano sued for, and agreed to pay plaintiff $300 for the same. He avers that he has paid $143 of the purchase-price, and is willing to pay the balance; and that by permission of plaintiff the defendant sold the instrument to one Rhinehart, and for this reason plaintiff can not maintain trover for it. Defendant admits his refusal to deliver the piano to plaintiff, but denies a refusal to pay the value thereof. On the trial plaintiff, in rebuttal, put in evidence the following contract:

"Atlanta, Jan. 8, 1912. Georgia.

"Hallett & Davis Piano Co. is not responsible for any agreement or promise other than written or printed on the face of this agreement.

"$300.... For value received I, the subscriber, of No. 316 Oak St., town of Atlanta, County of Fulton, and State of Georgia, promise to pay to the order of Hallett & Davis Piano Co. (a corporation of Boston, Mass.) the sum of Three Hundred Dollars, at its office in Boston, Mass., as follows: Advertising Seventy dollars, One Electric Fan valued $13.50, Thirteen 50/100, Bal. $6.00 July 30, and six dollars each succeeding month, with interest on each of said sums at the rate of six per annum from date until paid, with exchange. The consideration for the payment of the above amounts is the sale by the said Hallett & Davis Piano Co. to the subscriber of one piano made by Connay, No. 24692, style 10, upon the following terms and conditions: The title to the said instrument shall remain in said Hallett & Davis Piano Co., until each and every of said amounts, together with interest thereon, have been fully paid. In the event the subscriber shall make default in the payment of any of said amounts, or of interest thereon, at the time and place above specified, or shall sell, incumber, assign, or remove, or attempt to incumber, dispose of, or remove said instrument from the place above mentioned without the written consent of said Hallett & Davis Piano Co., its agents or assigns, the subscriber shall, on the demand of said Hallett & Davis Piano Co., its agents or assigns, deliver said instrument in as good condition as when received (reasonable use and wear thereof excepted), or the said Hallett & Davis Piano Co., its agents or assigns, may at its option, without notice or demand, take immedi-

ate possession of said property wherever the same may be found, and may enter the premises of the subscriber, with or without force or process of law, wherever the said instrument may be or be supposed to be, and make search for the same, and if found take possession thereof. All payments made on this contract up to the time of retaking of the said instrument shall be deemed the reasonable rent for the possession and use of said instrument, and for its reduced market value. And upon resuming possession of said property, all right, interest, and equity of the subscriber in the same shall cease and determine. The said Hallett & Davis Piano Co., its agents or assigns, may sell the same at public or private sale, without notice to the subscriber, for cash or on time, and from the proceeds of such sale pay the balance due under this contract, together with all expenses of retaking the said property and expenses of sale, and in the event upon such resale there shall be a deficiency, the said subscriber shall upon demand pay such deficiency. Or the said Hallett & Davis Piano Company may institute suit upon this obligation and foreclose the right of the subscriber under this contract, as provided by the statute of the State of Georgia in that case made and provided. In the event of suit on this contract the said subscriber agrees to pay ten per cent. (10%) attorney's fees. As further consideration for the use of the instrument, subscriber hereby agrees to pay all taxes and assessments due, or to become due, before penalty attaches. Upon the full payment of the above amounts and interest thereon, the full, absolute, and complete title of said instrument shall vest in the subscriber. This agreement shall not be binding upon the Hallett & Davis Piano Co., until accepted and approved by the said company. It is also understood that this agreement is a primary obligation, no notes having been taken therewith. The subscriber also agrees to insure the instrument herein described and pay the loss, if any, to the said Hallett & Davis Piano Co., as its interest may appear. In the event of damage or destruction of said instrument by fire or otherwise, the loss shall fall on the subscriber, and he shall not be entitled to any abatement of the purchase-price or the rescission of the contract. Witness my hand and seal the day and year first above written." (Signed by the defendant.)

The plaintiff elected to take a money verdict, and the court

directed a verdict in its behalf for the balance of the purchase-money (it being due), with interest. A new trial was denied defendant, and he excepted.

The written contract shows beyond question that it was the understanding and agreement between plaintiff and defendant that the piano should be placed in the designated house of the defendant, and that he should not remove or attempt to remove it therefrom, or sell or encumber, or attempt to do so, before the entire purchase-price should be paid, without the written consent of the plaintiff, its agents or assigns; and should defendant violate any of these obligations, then he should, on demand of the plaintiff, its agents or assigns, deliver up the instrument, the title to which remained in the plaintiff till all of the purchase-price should be paid. It is true that it does not appear from the written contract who was to place the instrument in the defendant's home, but this is not material. The defendant's answer and testimony showed that he sold the instrument to one Rhinehart without paying all the purchase-money. This of course was a conversion, unless defendant was legally authorized to sell. In view of the express stipulations in the written contract that the plaintiff "is not responsible for any agreement or promise other than written or printed on the face of this agreement," and of the necessity of a written consent of the plaintiff or its agent to a sale without payment of all the purchase-price, the defendant could not set up, as a valid defense to the action, a verbal agreement on the part of the local general manager or agent of the plaintiff, who sold the piano to the defendant, whereby he was authorized, without paying the full purchase-price, to sell and deliver the instrument to a designated third person. The court did not err in directing the verdict, and accordingly the refusal of a new trial was not error.

*Judgment affirmed. All the Justices concur.*